UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY, L.P.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ICELL GURU, INC. and DANIEL YUSUPOV,** *ET AL.***,**<br><br>Defendants. | Miscellaneous Action No. 15-7455<br><br>(Related to Civil Action<br>14-CV-3539-FB-RER, E.D. NY.) |

**PLAINTIFFS' MOTION TO COMPEL
AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company, L.P. (collectively, "Sprint"), pursuant to Fed. R. Civ. P. 30, 37 and 45 and Local Rule 37.2, move for an order compelling Encore Repair Services, LLC ("Encore") to testify at a deposition, and in support state as follows:

**INTRODUCTION**

Sprint's Motion to Compel relates to an action pending in the United States District Court for the Eastern District of New York. Sprint filed suit against Defendants iCell Guru, Inc. and Daniel Yusupov (collectively, "Defendants") because they are engaging in unlawful business practices involving the unauthorized and deceptive bulk purchase and resale of Sprint's wireless telephones (the "Sprint Phones" or the "Phones"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademark rights (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme"). See Declaration of Gail Podolsky ("Decl. G. Podolsky") at ¶ 2, attached hereto as Exhibit A. Sprint's

1

Complaint seeks damages and injunctive relief as a result of Defendants' violations of multiple state and federal laws. (See id.)

In the course of the litigation, Sprint uncovered evidence demonstrating that Encore transacted business with the Defendants and has relevant information regarding Defendants' trafficking of Sprint Phones. (Id. ¶ 3.) Sprint attempted to ascertain this relevant information from the Defendants, but they have not been forthcoming. Thus, Sprint is limited to third-party discovery to gather evidence of Defendants' actions pertaining to the claims in this case.

Based on this limitation, on May 28, 2015, Sprint issued a Subpoena to Testify at a Deposition in a Civil Action to Encore, which was later amended. (Id. ¶ 4.) The amended subpoena contained the same subject areas for examination as did the original subpoena. (Id. ¶ 7.) Encore did not file written objections to the Subpoena or seek a protective order regarding the scope of the Subpoena. (Id.) Thus, Sprint's counsel flew from Atlanta, Georgia to Schaumburg, Illinois to take Encore's deposition on July 23, 2015 at 12:30 p.m. CT. (Id.)

During the deposition it was clear that the witness was not prepared and that neither the witness nor Encore's attorney had read the subject areas identified in the Subpoena. (Id. ¶ 8.) For all practical and legal purposes, Encore failed to appear for its Rule 30(b)(6) deposition. (Id.) Accordingly, Sprint requests that the Court enter an order compelling Encore to comply with the Subpoena and award Sprint its expenses, including attorney's fees and costs, associated with bringing this Motion.

## FACTS

Sprint initially issued a deposition subpoena to Encore on May 28, 2015. (Id. ¶ 4.) A true and correct copy of the Subject is attached hereto as Exhibit B. Pursuant to FED. R. CIV. P. 30(b)(6), the subpoena contained a list of subject areas for examination. See Exhibit B at p. 3-5.

2

Encore did not raise an objection to the list of subject areas identified in the subpoena, nor did it seek a protective order. (Decl. G. Podolsky ¶¶ 6-7.) Moreover, Sprint agreed to postpone the deposition in order to allow Encore to answer questions by way of an informal interview. (Id.)

On June 11, 2015, Sprint's counsel interviewed Tony Graffia, Encore's Chief Executive Officer. (Id. ¶ 4.) Mr. Graffia was not adequately prepared and did not have the information Sprint needed or identified in the subpoena. (Id. ¶5.) Thus, on June 23, 2015, Sprint's counsel sent Encore's counsel a non-exhaustive list of additional topics that the parties needed to discuss. (Id.) While Sprint was willing to obtain this information through an informal interview, Encore's counsel did not provide another witness in a timely manner. (Id.) With discovery closing in Sprint's case against the Defendants, Sprint was forced to set a formal 30(b)(6) deposition of Encore to ensure that it obtained the discovery it needed within the discovery period. (Id.) Thus, Sprint and Encore agreed to a deposition on July 22, 2015 at 1:00 pm CT. (Id.)

On July 14, 2015, Sprint served Encore with an Amended Subpoena to Testify at a Deposition in a Civil Action ("Amended Subpoena"). (Id. ¶ 6.) A true and correct copy of the Amended Subpoena is attached hereto as Exhibit C. The Subject Areas contained in the Amended Subpoena were exactly the same as the Subject Areas in the original Subpoena. (Decl. G. Podolsky at ¶ 6.) Encore did not file written objections to the Amended Subpoena nor seek a protective order regarding the scope of the Amended Subpoena. (Id.)

Six days later, Sprint's counsel requested that the deposition be moved to the following day, to which Encore and its counsel agreed. (Id. ¶ 7.) Accordingly, on July 20, 2015, Sprint sent a Second Amended Subpoena to Testify at a Deposition in a Civil Action ("Second Amended Subpoena") with the same Subject Areas as the previous subpoenas. (Id.) A true and correct copy of the Amended Subpoena is attached hereto as Exhibit D. Encore did not file written

3

101962167.1

objections to the Amended Subpoena or seek a protective order regarding the scope of the Amended Subpoena. (Decl. G. Podolsky at ¶ 7.) Sprint's counsel flew from Atlanta, Georgia to Schaumburg, Illinois to take Encore's deposition on July 23, 2015 at 12:30 p.m. CT. (Id.)

Despite having almost two months to prepare for Encore's deposition, Encore's corporate designee, Angela Belanger, was wholly unprepared to address the subject areas identified in the Second Amended Subpoena, and could not answer even the most basic questions posed by Sprint. (Id. ¶ 8.) A true and correct copy of Ms. Belanger's deposition transcript is attached hereto as Exhibit E. For example Ms. Belanger did not know:

- All transactions and communications of any kind between Encore and any of the Defendants (Subject Area Nos. 1 & 23);

- All transactions and communications of any kind between Encore and any party relating to a product that originated with any of the Defendants (Subject Area Nos. 4, 5 & 13);

- Encore's efforts to locate and produce documents in response to the Subpoena Duces Tecum previously served on Encore, which is dated April 16, 2015 (Subject Area No. 26);

- A person with knowledge regarding the substance of the documents Encore produced (Subject Area No. 26);

- Whether any investigation was done to determine which Encore employees communicated with the Defendants (Subject Area No. 23);

- Encore's vendor practices including its selection and verification of vendor credential and products, including why it chose Defendants as a vendor and who at Encore made that decision (Subject Area No. 18);

- All the types of phones Encore purchased from Defendants (Subject Area No. 1);

- The prices for which Encore resold phones that it originally purchased from Defendants (Subject Area Nos. 4 & 5); and,

- The condition of the phones Encore purchased from Defendants (Subject Area Nos. 4 & 5).

(See, e.g., Exh. E at 14:24-25:24; 18:9-19-1; 20:13-15; 21:3-23:15; 35:5-36:19; 39:21-40:11; 50:8-53-1; 58:3-59:1; 60:11-61:24; 80:1-21; 83:18-84:17; 86:14-87-7; 102:6-9; 114:15-20; 127:23-128:9; 130:9-22; 137:20-23; 139:23-141:3; 155:3-156:21; 182:14-183:19; 203:2-9.)

All of this information is directly responsive to the Subject Areas contained in the Second Amended Subpoena and highly relevant to the litigation concerning Defendants' unlawful practices and the resulting damages. Ms. Belanger was unable to answer these questions along with the dozens of other questions asked during the deposition. Moreover, both Ms. Belanger and Encore's counsel confirmed that they did not look at the Subject Areas contained in the Second Amended Subpoena prior to Encore's deposition. (See Exh. E at 16:16-18; 186:6-10; Decl. G. Podolsky at ¶ 8.) For all practical and legal purposes, Encore failed to appear for its Rule 30(b)(6) deposition.

Based on the foregoing, on August 5, 2015, Sprint sent a good faith letter to Encore demanding that Encore produce a prepared corporate designee. A true and correct copy of this letter is attached hereto as Exhibit F. On August 14th, Encore's counsel responded to the letter, which is attached hereto as Exhibit G. Pursuant to Local Rule 37.2, Sprint counsel Gail Podolsky conferred via telephone with Encore counsel Samuel G. Harrod IV on August 14th at 1:00 p.m. in an attempt to resolve this discovery dispute. (Decl. G. Podolsky at ¶ 9.) Despite good faith efforts to resolve the parties' differences, an accord could not be reached. Encore claims that it was only required to provide a knowledgeable witness regarding the topics identified in Sprint's counsel's June 23rd email. (Id.) A true and correct copy of the June 23, 2015 email is attached hereto as Exhibit H. Encore's position is entirely baseless because the parties never agreed to limit the deposition to the topics in the June 23rd email. (See Exh. H; Decl. G. Podolsky at ¶ 9.) Further, the June 23rd email clearly states that it was a non-exhaustive list and the Amended Subpoena supersedes the non-exhaustive list of topics identified in the June 23rd email. (Id.)

5

101962167.1

Even if the June 23rd email was the agreed upon scope, which Sprint vehemently denies, Ms. Belanger was unable to answer many of the topics identified in the June 23rd email. (Decl. G. Podolsky at ¶ 9.) Consequently, Encore has no valid basis for failing to provide a knowledgeable witness.

## ARGUMENT

**I.     THE COURT SHOULD COMPEL ENCORE
        TO COMPLY WITH THE SPRINT SUBPOENA**

Rule 30 of the Federal Rules of Civil Procedure authorizes parties in civil actions to command a deponent's attendance by subpoena under Rule 45. See Fed. R. Civ. P. 30(a)(1). If a non-party fails to comply with a subpoena, the United States District Court for the district where compliance is required may enter an order compelling the non-party to produce the subpoenaed documents. See Fed. R. Civ. P. 37(a)(1), 45(d)(2)(B)(i); see also Tucker v. Am. Int'l Grp., Inc., 281 F.R.D. 85, 99 (D. Conn. 2012) ("The Court recognizes that it has inherent authority to compel inspection of [a non-party's documents] under Rules 45, 34, and 37 of the Federal Rules of Civil Procedure.").

> Federal Rule of Civil Procedure 30(b)(6) states that when a party notices a corporation for deposition, the latter must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed.R.Civ.P. 30(b)(6). The rule also states that "[t]he persons designated must testify about information known or reasonably available to the organization." Id. Under this rule, a corporation is required to educate its designee concerning all "reasonably available" information, even if such information is not within the knowledge of the corporation's current employees. Fed.R.Civ.P. 30(b)(6); see Brazos River Auth. v. G.E. Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006) ("[defendant] violated rule 30(b)(6) by failing to prepare [its rule 30(b)(6) witness] with respect to issues that although not within his personal knowledge, were within the corporate knowledge of the organization"); Newman v. Borders, Inc., 257 F.R.D. 1, 3 (D. D.C. 2009) ("a party must produce as its 30(b)(6) designee a person who can speak knowingly as to the topic and, if necessary, educate that designee so that she can do so"); Hooker v. Norfolk S. Ry. Co., 204 F.R.D. 124, 126 (S.D. Ind. 2001) (Rule 30(b)(6) "imposes a duty upon the named business entity to prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity

6

should reasonably know"); *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996) ("[I]t is not uncommon to have a situation ... where a corporation indicates that it no longer employs individuals who have memory of a distant event or that such individuals are deceased.... These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."); *see generally* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Fed. Prac. & Proc. Civ. § 2103 (3d ed.).

Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp., No. 09 CV 3983, 2011 WL 6318605, at *4 (N.D. Ill. Dec. 15, 2011).

"In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it." Lincoln Diagnostics, Inc. v. Panatrex, Inc., No. 07-CV-2077, 2009 WL 395793, at *8 (C.D. Ill. Feb. 18, 2009) (quoting Black Horse Lane v. Dow Chem. Corp., 228 F.3d 275 (3rd Cir. 2000))). As detailed herein, the Court should compel Encore's compliance with Sprint's Second Amended Subpoena.

    A.    <u>The Second Amended Subpoena is Valid and was Properly Served</u>

In accordance with Rule 45(a), the Second Amended Subpoena was issued from the United States District Court for the Eastern District of New York, where this action is pending. There is no dispute that the Second Amended Subpoena satisfies the form and content requirements of Rule 45(a) and that the Second Amended Subpoena was properly served on Encore's counsel. At Encore's request, the Second Amended Subpoena set the deposition at Encore's attorney's office. <u>See</u> Fed. R. Civ. P. 45(c) (providing that a subpoena may command attendance at a deposition and production of documents at a place "within 100 miles" of where the subpoenaed entity regularly transacts business). The Second Amended Subpoena is thus valid, and the Court should compel Encore to comply with the Second Amended Subpoena.

7

B. The Second Amended Subpoena Seeks Encore's Deposition
On Subject Areas Within the Scope of Discovery

Rule 26(b) provides that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Pegoraro v. Marrero, 281 F.R.D. 122, 127 (S.D.N.Y. 2012) (alterations in original) (quoting Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992)) (internal quotation marks omitted).

The Second Amended Subpoena seeks Encore's deposition on topics pertaining to the business dealings between Defendants and Encore. Testimony on these topics will show whether, and to what extent, Defendants sold Sprint Phones to Encore or bought Sprint Phones from Encore in furtherance of the Bulk Handset Trafficking Scheme. The information sought in the Second Amended Subpoena will also assist in identifying Defendants' co-conspirators. Because Defendants failed to produce meaningful discovery, which is currently the subject of two Motions to Compel, depositions of third-party business partners of Defendants, like Encore, is critical for Sprint to develop its claims. The Second Amended Subpoena thus properly seeks a deposition within the permissible scope of discovery.

Moreover, Encore has not objected to the scope of the Second Amended Subpoena or asserted that compliance with the Second Amended Subpoena would impose an undue burden or expense, and the deadline to assert these or any other objections has long passed. See Fed. R. Civ. P. 45(d)(2)(B) (providing that objections to a document subpoena must be served in writing "before the earlier of the time specified for compliance or 14 days after the subpoena is served"). Accordingly, Encore has waived any objections it may now wish to assert, and Sprint is entitled

to deposition testimony on all of the Subject Areas listed in the Second Amended Subpoena. See e.g., Autotech Tech. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006) ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted"); Carston v. County of Cook, No. 83 C 2919, 1987 WL 8167, at *1 (N.D. Ill. 1987) ("Failure to answer in a timely manner constitutes a waiver of the right to object."); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("The failure to serve written objections to a subpoena within the time specified by [current Rule 45(d)(2)(B)] typically constitutes a waiver of such objections.")[1]; 9A Charles Alan Wright et al., Federal Practice and Procedure § 2463 ("A failure to object within the fourteen-day period usually results in waiver of the contested issue."); see also In re Corso, 328 B.R. 375, 384 (E.D.N.Y. 2005) (noting that "[t]he fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections" and holding that non-party who failed to file objections consequently waived all objections that subpoena was unduly burdensome and overbroad). The Court should thus compel Encore to comply with the Second Amended Subpoena.

## II. SPRINT IS ENTITLED TO ITS ATTORNEY'S FEES AND COSTS

Under Rule 37(a)(5), Sprint is entitled to recover its expenses, including attorney's fees and costs, incurred as a result of filing this Motion. See Fed. R. Civ. P. 37(a)(5) ("If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); Budget Rent-A-Car Sys., Inc. v. Consol. Equity, LLC, No. 04 C

---

[1] Concord cites the former Rule 45(c)(2)(B), which in 2013 was re-designated as the current Rule 45(d)(2)(B). See Fed. R. Civ. P. 45 note on 2013 Amendment.

9

1772, 2005 WL 6088859, at *1 (N.D. Ill. Aug. 3, 2005) (noting that the Seventh Circuit has held that Rule 37 "contains a presumption that the victor on a motion to compel is entitled to its costs, including attorney fees"); Carston, 1987 WL 8167, at *1; Anderson v. City of New York, No. CV-06-5363 KAM/VVP, 2009 WL 3731973, at *1 (E.D.N.Y. Nov. 6, 2009) ("Any motions to compel compliance with a duly issued subpoena, if successful, would of course entitle the moving party to an award of attorneys' fees and costs in appropriate circumstances.").

Sprint made several good faith attempts to resolve the discovery issues without bringing the Court into the dispute. Encore has offered no justification for failing to comply with the Second Amended Subpoena. Moreover, Sprint has been and continues to be prejudiced by Encore's actions and the circumstances warrant an award of expenses. See, e.g., Ultradent Prod., Inc. v. Hayman, No. M8-85 RPP, 2002 WL 31119425, at *5 (S.D.N.Y. Sept. 24, 2002) (awarding costs under Rule 37 against non-party who failed to comply with document subpoena); Aetna Cas. & Sur. Co. v. Rodco Autobody, 130 F.R.D. 2, 4 (D. Mass. 1990) (awarding attorney's fees and costs against non-party who failed to comply with discovery subpoena); see also Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc., 712 F.2d 1324, 1326 (9th Cir. 1983) (holding that the district court properly ordered subpoenaed witness's attorney to pay motion to compel expenses because attorney's advice not to answer questions "was not justified").

In addition, since Encore failed to comply with the Second Amended Subpoena and failed to offer any objections or other reasons for its non-compliance, the Court may hold Encore in contempt. See Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); see also PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002) ("The Court has the power under this rule to impose

10

contempt simply on the basis of failure to comply with a subpoena."). A finding of contempt is warranted here because Encore's conduct shows willfulness: Encore and its counsel failed to review the Subject Areas referenced in Second Amended Subpoena and failed to object to it. Encore claims that the June 23rd email limits the Second Amended Subpoena; however, this argument has no merit because the June 23rd email contained a non-exhaustive list of deposition topics and was superseded by the Second Amended Subpoena. In finding contempt, the Court may award Sprint litigation expenses, in addition to any other sanctions the Court deems appropriate. See Gucci Am., Inc. v. Weixing Li, No. 10 CIV. 4974 RJS, 2012 WL 5992142, at *8 (S.D.N.Y. Nov. 15, 2012) (awarding attorney's fees and costs after finding subpoenaed non-party in contempt for failure to comply with subpoena); PaineWebber, 211 F.R.D. at 249 (holding subpoenaed non-parties in contempt because they failed, without excuse, to produce documents or attend deposition). The Court should thus find Encore in contempt and order it to reimburse Sprint's costs and expenses, including attorney's fees, incurred in bringing this Motion.[2]

## CONCLUSION

For the foregoing reasons, the Court should grant Sprint's Motion to Compel and enter an order requiring Encore to produce a prepared corporate designee for a full seven hour deposition to testify regarding each and every subject area listed in the Second Amended Subpoena. The Court should also award Sprint its expenses, including attorney's fees and costs, associated with bringing this Motion.

---

[2] If the Court grants Sprint's request, Sprint will submit itemized documentation of its litigation expenses.

101962167.1

Dated: August 25, 2015.

    By: */s/* Lawrence H. Heftman
    Lawrence H. Heftman
    Email: lheftman@schiffhardin.com
    Charles H.R. Peters
    Email: cpeters@schiffhardin.com
    **SCHIFF HARDIN LLP**
    233 South Wacker Drive, Suite 6600
    Chicago, IL 60606
    (312) 258-5500
    (312) 258-5600 (fax)

    James B. Baldinger (To Be Admitted Pro Hac Vice)
    Florida Bar No. 869899
    Email: jbaldinger@CFJBLaw.com
    Stacey K. Sutton
    Florida Bar No. 0289530
    Email: ssutton@CFJBLaw.com
    **CARLTON FIELDS JORDEN BURT, P.A.**
    525 Okeechobee Boulevard, Suite 1200
    West Palm Beach, Florida 33401
    (561) 659-7070
    (561) 659-7368 (fax)

    Gail E. Podolsky (To be Admitted Pro Hac Vice)
    Georgia Bar No. 142021
    Email: gpodolsky@CFJBLaw.com
    **CARLTON FIELDS JORDEN BURT, P.A.**
    One Atlantic Center
    1201 West Peachtree Street, Suite 3000
    Atlanta, Georgia 30309
    Phone: (404) 815-2714
    Fax: (404) 815-3415

    *Attorneys for Sprint Solutions, Inc. and*
    *Sprint Communications Company L.P.*

## **CERTIFICATE OF CONFERRAL**

Pursuant to Rule 37(a)(1) and Local Rule 37.2, undersigned counsel certifies that she spoke by telephone with Encore Repair Services's counsel Samuel G. Harrod IV on August 14, 2015 at 1:00 p.m. in an effort to resolve the issues raised herein without court action, but no agreement was reached on such issues despite good faith efforts to do so.

/s/ Gail Podolsky

## **CERTIFICATE OF SERVICE**

I certify that, on August 25, 2015, a true and correct copy of the foregoing was sent via email and overnight delivery to the following:

Samuel G. Harrod IV
Meltzer, Purtill & Stelle LLC
1515 E. Woodfield Road
2nd Floor
Schaumburg IL 60173
sharrod@mpslaw.com
Counsel for Encore Repair Service, Inc.

Kevin Tung, Esq.
Ge Li, Esq.
Kevin Kerveng Tung, P.C.
Attorneys At Law
136-20 38th Avenue , Suite 3D
Flushing, NY 11354
ktung@kktlawfirm.com
gli@kktlawfirm.com
Counsel for iCell Guru, Inc. and
Daniel Yusupov

                                              */s/* Lawrence Heftman

101962167.1